And our final argument for the day, United States v. Griggs, Mr. Henderson. Good morning. May it please the Court. I'm Peter Henderson. I'm here on behalf of Terrance Griggs. Terrance Griggs was sentenced to three concurrent 140-month terms when the statute only provides for a maximum term of 120 months. That's an obvious error. The government has suggested it's not reversible error, and I think that this case comes down to a question of who bears the burden or who bears the expense of that mistake when nobody catches it for some reason in the district court. Why does anybody care? The total sentence of 200 months is well within the statutory maximum. So why does your client care? This sounds like a bookkeeping question, right? It's perfectly clear these are illegal sentences, but your client's going to spend 200 months in prison, so why does he care how the bookkeeping is done? Well, the reason I find it problematic is there has to be some reason for why the district court... No, no, no, that's not my question. My question is why does your client care about the bookkeeping? We take it as given that this is wrong. Right, because he believes there is a very strong possibility that the district court selected that total sentence based on incorrect understanding of what the statutory sentencing framework was. So you think in the absence of this error, his sentence, he believes his sentence would have been 180 months? It very well may have been. It may have been 140 months because what the district court said at sentencing seems to indicate that it came into the sentencing hearing believing that count 4 was actually under 924C. And under the law of the circuit, what a district judge has to do is first calculate the 3553A sentence for the other counts and then add on 60 months. And so there was confusion about how exactly the statutory sentencing scheme was working in this case. So our concern is that the district court may have thought, well, okay, we're going to get to 200, but that's only because I have to add this 60-month sentence. Now, the record is ambiguous, and so again we get back to who bears the expense of that ambiguity. And what this court has said before, and I think is wise, is that it should not speculate at the expense of the person who's serving the sentence, Mr. Griggs. So again, because of that speculation about whether this was actually intended to be a 200-month sentence or was 140 plus this mandatory 60 months, we think that is enough to bring this back to the district court to clarify that so we don't have to speculate. When the district court imposed sentence, it started by saying I'm going to give you 140 months plus the 60 for a total of 200. So it may be different if the court says, you know, the total sentence here I think that it's appropriate under 3553A is 200 months. Then we're more in the bookkeeping territory. There are other reasons to remand this back to the district court. There are a couple supervised release issues. I don't want to be pedantic, but it's important, because the district court did impose a term of supervised release rather than four concurrent terms of supervised release. Hopefully that never becomes an issue, because it would only become an issue if Mr. Griggs' supervised release is revoked, because it increases the potential penalties. But it's something that was incorrectly reflected on the judgment but was not orally imposed. There are other concerns. Certainly the whole Thompson line of cases about supervised release, I think the importance of those was this is not a rote endeavor. Don't just impose these without sort of thinking about them, and it became very rote in this sentencing hearing. But those are ancillary issues. The main issue is we feel that the sentence may have been imposed for improper reasons. How can a concurrent three-year term of supervised release be a standalone single? I mean, it can't be concurrent to itself. Right. Only a term was imposed. The judgment says that four terms were imposed. Right. What was clearly meant is four concurrent terms of supervised release. Right. And that's, again. Because you can't have, I mean, if it was only one, it can't be concurrent. Oh, perhaps I missed the transcript. If the transcript says I'm going to impose a concurrent term of supervised release. A three-year concurrent term of supervised release. Well. Concurrent to what? What was clearly meant is four three-year terms. I think you have a point there. It still says a term, but I understand what you're saying. The other portion of this, too, that I think is valuable to get back to the district court, is Mr. Griggs really was denied an opportunity to litigate his case post-trial in the manner that he wanted to. And that was based on, again, a misunderstanding of the law under Rule 33 that the government, the district court, and defense counsel all engaged at Mr. Griggs' expense. So I think all of those together are compelling reasons to return this to the district court for further proceedings. But really the main concern we have is when district judges sentence with 924C counts, that's not discretionary. And what the district judge did here was evidence a belief that that may have been involved. The belief was corrected, but it's ambiguous as to whether the district judge actually put it together. And I think that's the most plausible explanation for why this very basic error occurred. So based on those reasons, we would ask the court to vacate the sentence, remand for resentencing, and further proceedings. Thank you. Okay. Thank you, Mr. Henderson. Mr. Raymond? Good afternoon, almost, Your Honors. Kartik Raman on behalf of the United States, and I represent the United States in this appeal. You don't have to speak up. Sorry, Your Honor. The question that was asked by Judge Easterbrook was why does anyone care? Why does the defendant care about the bookkeeping issue? And I think that, with respect to the first issue, is very important. Although there was an error at sentencing, there was no plain error that requires resentencing in this case. And it was not plain error because the defendant was not substantially prejudiced by the error, and the error did not affect the fairness, the integrity, or the public reputation of the proceedings. And this court has held on a number of instances that no reversal is warranted under the plain error standard when the sentence imposed does not exceed the combined statutory maximum that is achievable by running the sentences. How old is he, the defendant? Mr. Griggs is less than 30 at this time, Your Honor. Pardon? I believe he's less than 30, his age. Well, 17 years seems like an awfully long sentence. It is certainly a long sentence. What's that, he's just a drug dealer, right? Well, Your Honor, he is actually a gun trafficker. Yeah, yeah, I know. So he has guns, too. But he doesn't shoot people, does he? At trial, what was established is that he produced a number of firearms, at least four, in the charged counts. Well, if you're in the drug business, you probably have a gun. Maybe you have four guns. This seems like an extraordinarily long sentence, right? I don't dispute that the sentence . . . What does he sell besides heroin? Is that his main drug or what? Yes, the record indicates that he's a drug dealer and that he sells heroin. But the trial established that he's also a gun trafficker, that he trafficked in a number of firearms on a number of several occasions. You mean, what, he buys and sells them? He produced them when asked for a weapon. What do you mean, produces them? He went and got it. That's what the trial established. And they didn't contest that. They acknowledged that he had done that. Their defense was based solely on entrapment, and the jury rejected that defense. With respect to the issue of what counsel raised as far as confusion, as far as the sentence, we don't believe the record indicates that there was any confusion. If you look at the transcript in the appendix, page 825, where the district judge asks about the 924C and whether or not it was something that needed to be imposed consecutively, the record reflects, she asked, is the one count, isn't that required to be consecutive or no? And then the government's answer was, it's not required, Your Honor. And the court said, not on this one? Okay. So there was no confusion on that point. But then what follows is something from the defense attorney about the probation officer's apparent recommendation for a 15-year sentence, the first three counts concurrent and the fourth count consecutive? That is stated by defense counsel, but that is not in fact what I recall the sentencing recommendation stating. The sentencing recommendation indicated that he should receive 180 months total. I'm not sure. Not structured in this particular way? No. To my knowledge, I don't recall that being in the sentencing recommendation. And the guidelines range was much higher, right? Yes, Your Honor. That is absolutely correct, and I think that goes to an important point here, which is that they're not complaining of any procedural or substantive issues concerning the sentence. He was potentially subject to 480 months, 120 months per each count of conviction. However, the district court considered the total recommendation of the defendant, and she considered it against the government's recommendation, and she determined that 200 months was appropriate. And they are, in fact, complaining about what Judge Easterbrook called a bookkeeping error. So we don't believe that, at least on the first issue, there is any basis for remand. And turning very briefly to the second issue, the defendant ties that to his first issue. Our reading of the brief is that he is asking for a remand on the second issue only if Your Honors send it back for resentencing on the first issue. And so if you don't send it back for resentencing on the first issue, there is no basis for remand on the second issue. If there are no further questions, Your Honors, we respectfully ask that the court affirm the conviction in the 200-month sentence. Okay, thank you, Mr. Raymond. So, Mr. Henderson, do you have anything further? Judge Poston, just to answer your question, he's actually about 36 years old right now. He's 36? Yeah, and that was part of the reason we haven't raised the Rule 33 issue as a stand-alone issue is because he withdrew the motion. It was based upon this sort of spurious legal reasoning. But that's part of, we see how high the sentence gets, and that's driven by the guidelines. And going to trial and testifying at trial that you were entrapped is the surest way to just skyrocket the guidelines. And so that's a big part of the ineffective assistance of counsel claim, which we think Mr. Griggs should be entitled to present as he sees fit. But apart from that, let me talk just briefly about plain error. This is not a plain error case. This is a Rule 51 case which says if Mr. Griggs is not on notice that the district court isn't going to impose an illegal sentence, once that sentence is imposed, he's under no obligation to take exception to that sentence in order to preserve his rights on appeal. You don't need to take exception, and you will not be prejudiced on appeal if you fail to do so. And again, that gets back to what I started with, which is who bears the burden of this? Because, of course, the assistant United States attorney was at sentencing too and very well could have taken exception to what was obviously an improper sentence. And it doesn't seem fair to put all of the burden on the defendant in the criminal case who has to actually serve the sentence through this sort of legal maneuver of saying, well, this is plain error because he didn't object. But this court has recognized, especially in the last 10 years or so, that Rule 51 means you don't have to take exception to a sentence. So I'd encourage the court to look at those cases that we've cited about Rule 51 and conclude, at the very least, that this is de novo review of the sentence in reaching its outcome. Thank you. Thank you, Mr. Henderson and Mr. Raymond. And the court will be in recess until tomorrow. Thank you.